UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SHIVA STEIN,

                            Plaintiff,

       -against-

1-800-FLOWERS.COM, INC.,

                            Defendant.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
16-CV-6252-RRM-SJB

**BULSARA, United States Magistrate Judge:**

       On November 10, 2016, Plaintiff Shiva Stein ("Stein") brought this action seeking to enjoin a proxy vote on certain proposals in connection with Defendant 1-800-Flowers.com, Inc.'s ("Flowers") annual shareholder meeting. (Complaint ("Compl.") dated Nov. 10, 2016, Dkt. No. 1). On December 1, 2016, the Honorable Roslynn R. Mauskopf denied Stein's motion for a preliminary injunction. (Minute Entry dated Dec. 1, 2016). On February 24, 2017, Stein informed the Court that she intended to voluntarily dismiss the action and file a motion for attorney's fees and expenses "based on the common benefit doctrine." (Letter dated Feb. 24, 2017 ("February Letter"), Dkt. No. 23). Stein filed that motion on March 22, 2018. (Mot. for Attorney Fees ("Mot."), dated Mar. 22, 2018, Dkt. No. 27). For the reasons stated below, the motion for attorney's fees is denied without prejudice to renewal.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

       Stein filed this direct stockholder action on November 10, 2016, alleging that Flowers had violated Section 14(a) of the Securities Exchange Act, 15 U.S.C. § 78n(a), and Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, which prohibits false or misleading statements or omissions in proxy materials. (Compl.

¶¶ 1, 11, 19). Stein's claims involved two proposals for shareholder approval set forth in the proxy statement; one of these proposals sought to amend Flowers's certificate of incorporation. (*Id.* ¶¶ 3, 13). Judge Mauskopf denied Stein's motion for a preliminary injunction to enjoin the proxy vote and issued a Memorandum & Order that stated the reasons for her ruling, including that Stein had failed to demonstrate irreparable harm. (Mem. & Order dated Dec. 2, 2016, Dkt. No. 19, at 1).

After Judge Mauskopf's ruling, Stein told Flowers she intended to amend her complaint; Flowers contemplated filing a motion to dismiss. (*See* Letter and Stipulation dated Jan. 26, 2017; Dkt. No. 22). On February 24, 2017, however, Stein informed Judge Mauskopf that she intended to voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) because Flowers had taken measures that, according to Stein, mooted her claims. (February Letter at 1). The measures included the filing of a corrected version of Flowers's certificate of incorporation in its quarterly report (Form 10-Q). (*Id.* at 3). Stein claimed that the filing of the correct certificate not only resolved her claims—which were based on the inaccurate certificate Flowers had previously filed with the SEC—but also conferred a common benefit on Flowers and its stockholders, a benefit Stein had helped bring about by discovering the correct certificate. (*Id.* at 2–3). Stein argued that by conferring this common benefit, she was entitled to attorney's fees. (*Id.* at 3). Flowers filed a response, arguing that the Court should not award Stein any attorney's fees. (Letter in Response dated Feb. 27, 2017, Dkt. No. 24).

After almost a year of inactivity, Judge Mauskopf ordered Stein to advise the Court whether she still wished to pursue her motion for attorney's fees. (Order dated Jan. 11, 2018). In response, the parties proposed a briefing schedule, (Proposed

Scheduling Order dated Jan. 25, 2018), and the motion was filed, along with Flowers's opposition and Stein's reply, on March 22, 2018, (Mot.). Stein, whose attorneys took her case on a contingency basis, asks for $145,650 in attorney's fees and $12,809.66 in unreimbursed expenses. (*See* Pl.'s Mem. in Supp. ("Pl.'s Mem."), attached as Ex. 1 to Mot., at 16; Decl. of A. Arnold Gershon ("Gershon Decl."), attached as Ex. 2 to Mot., ¶¶ 3–4). In computing the total lodestar amount, Stein used an hourly partner rate of $770 and an associate rate of $460. (Gershon Decl. ¶ 3). Stein's motion did not include any contemporaneous records or invoices of the time spent, the work done, or the expenses incurred.

DISCUSSION

Stein's motion for attorney's fees is deficient because it lacks necessary submissions regarding fees and costs and uses an unreasonable hourly rate to compute the fees sought.

I. Attorney's Fees

A. Contemporaneous Time Records

Stein's failure to submit contemporaneous time records is fatal to her motion. *See U.S. ex rel. Karlin v. Noble Jewelry Holdings Ltd.*, No. 08-CV-7826, 2012 WL 1228199, at *4 (S.D.N.Y. Apr. 9, 2012) ("The Relator's motion [for attorney's fees and costs] is fatally deficient because he failed to submit any contemporaneous records when he filed his motion.") (report and recommendation); *see also Tito v. Rubin & Rothman, LLC*, No. 12-CV-3464, 2014 WL 1092845, at *2 (E.D.N.Y. Mar. 18, 2014) ("When submitting their fee request, the moving party is required to submit contemporaneous time records, affidavits, and other materials to support their fee request."). To recover fees, attorneys must submit contemporaneous time records that specify "the date, the

3

hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983); *see Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010) ("*Carey* sets out unequivocally that absent unusual circumstances attorneys are required to submit contemporaneous records with their fee applications. . . . [E]xceptions are minimal and limited in scope.").

Stein's attorneys have provided limited information in their request for attorney's fees: a table with the names of the attorneys who worked on the case, their titles, the number of hours they worked, and their rates. (Gershon Decl. ¶ 3). The documents do not contain the hours attributable to each task and describe the nature of the work only in the most general sense. (*E.g.*, *id.* ("The time was spent on researching the law, analyzing the facts, . . . drafting the complaint . . . [and] papers, and arguing before this Court the motion for a preliminary injunction; analyzing the Defendant corporation's certificates of incorporation, bylaws, and SEC filings while considering such options as filing an amended complaint or filing a complaint in . . . Delaware; negotiating with Defendant's counsel the filing of the Defendant corporation's correct certificate[.]")). Such general descriptions, without the dates and time for each task, do not satisfy *Carey*. Nor has Stein submitted contemporaneous time records. In his declaration, Arnold Gershon (one of Stein's attorneys) avers that "[t]he time spent and the work done is reflected in my firm's records and are based on accurate and contemporaneously entered data." (*Id.*). Gershon, however, does not include any of these records, and an attorney's declaration that he has such records is not sufficient to satisfy the *Carey* requirement that the records themselves be provided.

Stein's deficient fee application requires that the motion be denied. *See, e.g.*, *Karlin*, 2012 WL 1228199, at *6 (denying fee application without prejudice for failure to

hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983); *see Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010) ("*Carey* sets out unequivocally that absent unusual circumstances attorneys are required to submit contemporaneous records with their fee applications. . . . [E]xceptions are minimal and limited in scope.").

Stein's attorneys have provided limited information in their request for attorney's fees: a table with the names of the attorneys who worked on the case, their titles, the number of hours they worked, and their rates. (Gershon Decl. ¶ 3). The documents do not contain the hours attributable to each task and describe the nature of the work only in the most general sense. (*E.g.*, *id.* ("The time was spent on researching the law, analyzing the facts, . . . drafting the complaint . . . [and] papers, and arguing before this Court the motion for a preliminary injunction; analyzing the Defendant corporation's certificates of incorporation, bylaws, and SEC filings while considering such options as filing an amended complaint or filing a complaint in . . . Delaware; negotiating with Defendant's counsel the filing of the Defendant corporation's correct certificate[.]")). Such general descriptions, without the dates and time for each task, do not satisfy *Carey*. Nor has Stein submitted contemporaneous time records. In his declaration, Arnold Gershon (one of Stein's attorneys) avers that "[t]he time spent and the work done is reflected in my firm's records and are based on accurate and contemporaneously entered data." (*Id.*). Gershon, however, does not include any of these records, and an attorney's declaration that he has such records is not sufficient to satisfy the *Carey* requirement that the records themselves be provided.

Stein's deficient fee application requires that the motion be denied. *See, e.g.*, *Karlin*, 2012 WL 1228199, at *6 (denying fee application without prejudice for failure to

provide timesheets); *Genn v. New Haven Bd. of Educ.*, No. 12-CV-704, 2017 WL 2079648, at *2 (D. Conn. May 15, 2017) ("'*Carey* establishes a strict rule from which attorneys may deviate only in the rarest of cases.' Plaintiff counsel has deviated from *Carey* . . . and has not provided any indication that hers is 'the rarest of cases' meriting such deviation.") (citation omitted) (quoting *Scott*, 626 F.3d at 133, and denying fee application based on attorney's "work log"); *Jerolmon v. Astrue*, No. 10-CV-267, 2013 WL 210898, at *2 (D. Conn. Jan. 18, 2013) ("The problem with Plaintiff's . . . application for an award of his attorney's fees is that the . . . Firm has not submitted contemporaneous time records in support of the application."); *Cablevision Sys. N.Y.C. Corp. v. Diaz*, No. 01-CV-4340, 2002 WL 31045855, at *5 (S.D.N.Y. July 10, 2002) (denying attorney's fees because the application only included attorney names, professional experience, and billing rate), *report and recommendation adopted*, Order dated Aug. 7, 2002, Dkt. No. 12.

This is not a minor requirement that the Court enforces to create bureaucratic hoops for attorneys to jump through. The Court cannot perform its proper review function—*e.g.*, excluding duplicate entries, reducing unnecessary time, and ensuring hours were recorded contemporaneously—without the actual billing records. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("It remains for the district court to determine what fee is 'reasonable.'"); *Bogosian v. All Am. Concessions*, No. 06-CV-1633, 2012 WL 1821406, at *3 (E.D.N.Y. May 18, 2012) ("[D]eterminations of reasonable attorneys' fees . . . require a review of reasonably detailed contemporaneous time records, as contemplated by [*Carey*, 711 F.2d at 1148]. In determining the reasonableness of the number of hours expended, the Court 'should exclude excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable

unsuccessful claims.'") (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)) (citation omitted); *Karlin*, 2012 WL 1228199, at *4 ("[T]he Court is unable to assess the reasonableness of the attorneys' fees requested without the contemporaneous records."); *Poulin v. Astrue*, No. 10-CV-1930, 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012) ("This Court has a duty to review plaintiff's itemized statement to determine the reasonableness of the hours requested and to exclude hours that are excessive, redundant, or otherwise unnecessary.") (quotations omitted).

The Court also cannot conduct a substantive review of the fees to determine which hours are compensable under the exception to the American Rule—which normally prohibits the recovery of fees by the prevailing party—relied on by Stein. Stein asks the Court to award fees on the basis of a common benefit conferred on Flowers and its shareholders. (*See generally* Pl.'s Mem.). Without contemporaneous records, the Court cannot perform an allocation, to the extent one is necessary, of fees for activities in furtherance of a common benefit as opposed to those that are not. For example, it may be appropriate to deny any request for fees incurred in connection with the preliminary injunction motion—a motion that Stein lost. *Cf. Hensley*, 461 U.S. at 434–35 ("In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit, even where the claims are brought against the same defendants[,] . . . work on one claim will be unrelated to his work on another claim."); *e.g.*, *Linde v. Arab Bank, PLC*, 293 F.R.D. 138, 143 (E.D.N.Y. 2013) ("[T]he lack of specificity [of the time records] impairs the ability to review the reasonableness of certain items. Also, some time items are not properly allocated as between compensable and non-compensable activities, or seem excessive.").

Moreover, as a result of the absence of records, Flowers, who opposes a fee award, (*see* Def.'s Mem. in Opp'n, attached as Ex. 13 to Mot.), can raise no objections regarding the time spent and the nature of the work when Stein has produced no contemporaneous records. *See Pastre v. Weber*, 800 F. Supp. 1120, 1124 (S.D.N.Y. 1991) ("Noting that such sparse documentation made review of the application *and consideration of objections thereto* exceedingly difficult, the Court of Appeals established the requirement . . . that fee applicants document their applications with contemporaneous time records[.]") (emphasis added) (citing *Carey*, 711 F.2d at 1147–48).

For these reasons, the Court denies Stein's attorney's fees application.

B.	Hourly Rates

Separate and apart from the other deficiencies in her fee application, the hourly rates Stein's attorneys use to calculate the lodestar are unreasonable. "The burden is on the party moving for attorney's fees to justify the hourly rates sought." *Brown v. Green 317 Madison, LLC*, No. 11-CV-4466, 2014 WL 1237448, at *5 (E.D.N.Y. Feb. 4, 2014) (citing *Hensley*, 461 U.S. at 437), *report and recommendation adopted*, 2014 WL 1237127 (Mar. 25, 2014). That is, "'the fee applicant [has the burden] to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 866, 896 n.11 (1984)); *see also Farbotko v. Clinton Cty.*, 433 F.3d 204, 208 (2d Cir. 2005) ("The relevant community . . . is the district in which the court sits."). Stein's attorneys have not done so.

Stein's attorneys contend that a partner rate of $770 and an associate rate of $460 are "the usual and customary rates used for each individual attorney in all of our cases." (Gershon Decl. ¶ 3). They do not cite any cases from this District where attorneys were awarded such rates. (*See id.*; Pl.'s Mem. at 15–16). Nor could they: "[p]revailing rates for experienced attorneys in the Eastern District of New York range from approximately $300 to $400 per hour. Some courts have recognized slightly higher ranges in this district of $300–$450 per hour for partners, $200–$300 per hour for senior associates, and $100–$200 per hour for junior associates." *Am. Fire & Cas. Co. v. Scott Elec. Servs., LLC*, No. 15-CV-3111, 2017 WL 395207, at *2 (E.D.N.Y. Jan. 9, 2017) (citations, quotations, and alterations omitted) (collecting cases from various areas of law), *report and recommendation adopted*, 2017 WL 374728 (Jan. 25, 2017); *accord Libaire v. Kaplan*, No. 06-CV-1500, 2011 WL 7114006, at *3 (E.D.N.Y. June 17, 2011) (finding in an Exchange Act case that "[i]n the Eastern District of New York, it has been determined that reasonable hourly rates are approximately $200–$480 per hour for partners, $175–$295 per hour for senior associates, [and] $100–$200 per hour for junior associates[.]"), *report and recommendation adopted as modified*, 2012 WL 273080 (Jan. 30, 2012).

Should Stein choose to submit a renewed fee application, it must be based on rates used in this District.

II.  Costs

Stein also fails to include any detailed contemporaneous documentation regarding the alleged costs. Again, Attorney Gershon provides a table in his declaration that allocates the $12,809.66 in costs sought into categories such as "Computer Research," "Service Fee(s)," "Postage," and "Telephone." (Gershon Decl. ¶ 4). Gershon

8

avers that "[t]he expenses incurred are reflected in the books and records contemporaneously prepared by the firm. These books and records are prepared from expense vouchers, invoices, and other billing records, and are an accurate record of the expenses incurred." (*Id.* ¶ 5). Gershon also states that he "ha[s] reviewed the expenses for which reimbursement is sought and confirmed that they are reasonably necessary for the effective and efficient prosecution and resolution of the litigation and reasonable in amount." (*Id.*). Again, the Court cannot accept Gershon's personal view regarding the reasonableness of expenses; it is obligated to conduct an independent review. Nor can the Court award costs without access to underlying invoices. *See John v. DeMaio*, No. 15-CV-6094, 2016 WL 7469862, at *12 (E.D.N.Y. Sept. 29, 2016) ("[T]he court cannot simply take the ledger that plaintiffs' counsel created at face value without any additional evidence of the costs alleged therein[.]"), *report and recommendation adopted*, 2016 WL 7410656 (Dec. 22, 2016). "[T]he party moving for costs bears the burden of demonstrating the reasonableness of each charge; failure to provide adequate documentation of costs incurred will limit, or even defeat, recovery." *Id.* Because Stein has not provided any documentation or invoices supporting her request for costs, the Court must decline to award costs. *See, e.g.*, *Shukla v. Sharma*, No. 07-CV-2972, 2010 WL 8435857, at *14 (E.D.N.Y. Dec. 15, 2010) ("[T]he Court cannot base an award upon amounts requested where the requesting party has not provided adequate documentation. While counsel has included a breakdown of these costs, some with supporting invoices, many of the charges lack sufficient documentation to be included in defendants' application for costs.") (citations omitted), *report and recommendation adopted*, 2012 WL 607667 (Feb. 24, 2012).

Stein's costs application suffers from other shortcomings. "[S]everal of these categories are not compensable. An award of costs . . . is generally limited to [i]dentifiable, out-of-pocket disbursements for items such as photocopying, travel, and telephone costs[.]" *Houston v. Cotter*, 234 F. Supp. 3d 392, 412 (E.D.N.Y. 2017) (quotations omitted); *see Teamsters Local 814 Welfare Fund v. Dahill Moving & Storage Co.*, 545 F. Supp. 2d 260, 269 (E.D.N.Y. 2008) (Ordinarily, plaintiffs may recover "[c]osts relating to filing fees, process servers, postage, and photocopying."); 28 U.S.C. § 1920 ("Taxation of [C]osts"). And "the district court has no discretion to award costs not authorized by statute or contractual provision." *U.S. ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 171 (2d Cir. 1996).

Stein seeks much that is not compensable. As but one example, Stein seeks reimbursement for "Computer Research" costs in the amount of $11,625.87. (Gershon Decl. ¶ 4). That is not recoverable. "[C]omputer research is merely a substitute for an attorney's time that is compensable under an application for attorneys' fees and is not a separately taxable cost." *Evergreen Pipeline Constr. Co.*, 95 F.3d at 173; *see DCH Auto Grp. (USA) Inc. v. Fit You Best Auto., Inc.*, No. 05-CV-2973, 2006 WL 279055, at *4 (E.D.N.Y. Jan. 10, 2006) ("In the Eastern District of New York, . . . courts routinely 'disallow applications for electronic research costs.'") (quoting *King v. JCS Enters., Inc.*, 325 F. Supp. 2d 162 (E.D.N.Y. 2004)), *report and recommendation adopted*, Order dated Feb. 23, 2006, Dkt. No. 20. Without invoices and itemized documentation of expenses, the Court cannot determine whether the costs are taxable or not recoverable. There may be other categories of ineligible costs: the face amount of the costs, over $12,000, is far greater than a case of such limited duration would warrant. But the Court will limit such determination for another day. At this point, the Court can only

require that any renewed application for costs be accompanied by documentation, such as invoices, and some authority that the costs sought are indeed recoverable.  *See* Local Civ. Rule 54.1(c) ("Items Taxable as Costs.").  The Court therefore denies the present application for costs without prejudice to renewal.

## CONCLUSION

For the reasons stated above, Stein's application for attorney's fees and costs is denied without prejudice.  *See, e.g.*, *Ehrbar v. Forest Hills Hosp.*, 131 F. Supp. 3d 5, 37 (E.D.N.Y. 2015) ("The Court denies Defendants' motion for attorneys' fees without prejudice.").

The Court grants leave for Stein to make a second application for fee and cost recovery.  Stein is directed to file renewed submissions that comply with the requirements described above by **April 8, 2019**; Flowers must file any opposition to those submissions by **April 22, 2019**.

SO ORDERED.

*/s/ Sanket J. Bulsara* March 7, 2019
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

11